PEGGY RICH and Another, Plaintiffs, *v.* MADISON SQUARE GARDEN CORPORATION and Others, Defendants.

Supreme Court, New York County, March 15, 1933.

*James D. C. Murray,* for the plaintiff Peggy Rich.

*E. C. Sherwood* [*F. J. Locker* of counsel], for the defendants.

WALSH, J.  Plaintiff purchased a ticket to a hockey game conducted by defendant Madison Square Garden Corporation.  The other defendants were the employers of the teams engaged in such game.  While watching the game from the seat assigned to her one of the players, by reason of a so-called body check by another player, collided with such other player.  As a result he was thrown against the fence separating the players from the spectators.  It is claimed the force of such throw caused the hockey stick in his hands to be thrust among the spectators, striking and injuring plaintiff.  Liability of defendants is predicated on their failure to provide such screening or other protection as might be necessary to protect plaintiff from being so struck.  The proprietor or lessee of a place of amusement is required to be vigilant to protect his

patrons. Such vigilance imposes upon him the duty to guard them from injury by such measures and means as reasonable prudence and foresight suggest. He is not, however, an insurer of their safety against all dangers incident to the giving of the performance or exhibition, but is required only to use the care and precaution of an ordinarily prudent person to protect the spectators against danger. He is not required to anticipate the improbable.

I find that the accident happened as claimed by plaintiff and without fault on her part. It becomes necessary, therefore, to determine whether or not the injury she sustained was caused by any omission of duty by defendants. This is a question of fact. In the game of hockey the opposing sides endeavor to drive a block or disc, known as a " puck," along the ice into or past the opponent's goal. For this purpose each of the players has a curved stick, known as a hockey stick. This stick is not intended to and in fact ordinarily does not leave the hands of the player. If it does, it is by accident. Hockey players of many years' experience testified that such an occurrence as here happened is most unusual. That during a period of fifteen years of playing they had only heard of or seen a hockey stick leave the hands of a player and land among the spectators on two occasions. Other experts testified that in many years of experience they had never seen or heard of a case where a hockey stick had been forced from the hands of a player and caused to land in the audience. Considering the purpose for which a hockey stick is used, coupled with the fact that ordinarily it would not leave the hands of the player and that the occasions on which a hockey stick had been forced from a player's hands and landed among the spectators had been so infrequent as to be exceptional and extraordinary, I find that defendants in the exercise of ordinary care and prudence were not required to anticipate danger from this source, and hence were not guilty of negligence in failing to guard against such happening.

Verdict directed for defendants dismissing the complaint. Exception to plaintiff; thirty and sixty days.